**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **DAVID CANDELARIO MONTIEL BRITO,** | ) | |
| **Petitioner,** | ) | |
| **v.** | ) | **Case No. CIV-26-2459-J** |
| **FRED FIGUEROA, et al.,** | ) | |
| **Respondents.** | ) | |

# REPORT AND RECOMMENDATION

Petitioner David Candelario Montiel Brito, a citizen of Venezuela proceeding *pro se*,[1] filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") challenging his detention by the U.S. Immigration and Customs Enforcement ("ICE"). (Doc. 1).[2] United States District Judge Bernard M. Jones, II, referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). (Doc. 3). The matter is at issue. As fully set forth below, the undersigned recommends that the Petition be **GRANTED in part** because Petitioner's detention without a bond hearing violates the Immigration and Nationality Act ("INA").

---

[1] A *pro se* litigant's pleadings are liberally construed "and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). But the court cannot serve as Petitioner's advocate, creating arguments on his behalf. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

[2] Citations to the parties' filings and attached exhibits will refer to this Court's CM/ECF pagination.

The Court should order an individualized bond hearing before a neutral Immigration Judge within 7 days of the judgment in this matter, or else release him from custody.

## I. Factual Background

Respondents do not contest the following relevant facts:

- Petitioner is citizen of Venezuela who entered the United States on or about November 28, 2021. (Doc. 1, at 8).

- His removal proceedings were docketed on January 16, 2022. *See* EOIR Automated Case Information, https://acis.eoir.justice.gov/en/caseInformation (last visited Oct. 16, 2026).

- On July 8, 2022, he applied for asylum. (Doc. 1, at 8). He was released on parole or supervision about 5 years before his re-detention. (*Id.* at 5, 8).

- He was detained by ICE on July 29, 2026, after a traffic stop. (*Id.* at 4).

- He has not been provided with a bond hearing. (*Id.* at 8).

- His immigration proceedings are ongoing, as an individual hearing is scheduled for October 22, 2026. *See* EOIR Automated Case Information, https://acis.eoir.justice.gov/en/caseInformation (last visited Oct. 16, 2026). Thus, he is not subject to a final order of removal.

- Petitioner is detained at Diamondback Correctional Facility in Watonga, Oklahoma. (Doc. 1, at 1).

## II. Petitioner's Claims and Respondents' Responses

Petitioner makes the following claims in support of his Petition:

1. He is entitled to a bond hearing under 8 U.S.C. § 1226(a). (*Id.* at 3-4).

2. His re-detention without any notice or opportunity to be heard violated DHS regulations and due process. (*Id.* at 4-5).

3. His re-detention violated due process under the *Mathews* factors. (*Id.* at 5-6).

As relief, Petitioner requests "a prompt bond hearing in fro[nt] of a neutral Immigration Judge" where the government bears "the burden to prove a flight risk or danger to the community," or his immediate release. (*Id.* at 4, 6). He also asks that Respondents "[r]efrain from re-detaining [him] without proper notice and change in circumstances." (*Id.* at 6).

Respondents concede that "this matter is controlled by" the Tenth Circuit's recent decision in *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026). (Doc. 8, at 1). "Respondents request that any order be limited to ordering the Respondents to provide a bond hearing within seven days" and also be limited to Petitioner's statutory claim. (*Id.* at 1-2).

In his Reply, Petitioner agrees with Respondents that *Santillan Quiroz* applies, and he asks that the Government bear the burden of proof at the bond hearing. (Doc. 11).

## III. Standard of Review

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## IV. Under *Santillan Quiroz v. Mullin*, Petitioner Is Entitled to a Bond Hearing.

On June 30, 2026, the Tenth Circuit decided *Santillan Quiroz,* holding "that noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to [8 U.S.C.] § 1226(a) (and thus eligible for bond), not [8

U.S.C.] § 1225(b)(2)(A)." 180 F.4th at 1237. This statutory interpretation is binding on this Court and applicable to Petitioner's factual circumstances, as Respondents concede.

Because Petitioner is subject to § 1226(a) and has not received a bond hearing, Petitioner has shown that he is in custody in violation of the laws of the United States, and he is entitled to habeas relief. 28 U.S.C. § 2241(c)(3). A bond hearing is the appropriate remedy. *Santillan Quiroz*, 180 F.4th at 1251 n.13.[3]

**V. The Court Should Decline to Address Petitioner's Remaining Claims.**

Because the undersigned recommends granting habeas relief on the basis of violation of the INA, it is unnecessary to address Petitioner's due process claims, particularly as they would result in the same relief.[4] *See, e.g.*, *Velasquez Salazar v. Dedos*, 806 F. Supp. 3d 1231, 1241 (D.N.M. 2025) ("Because this Court holds that § 1226 governs

[3] Under current BIA precedent, the non-citizen bears the burden of proving dangerousness or flight risk at a § 1226(a) bond hearing. *See Hernandez-Lara v. Lyons*, 10 F.4th 19, 27 (1st Cir. 2021). Judges in this District have either declined to decide whether due process requires shifting the burden to the government, *see Velazquez v. Johnson*, No. CIV-26-1111-J, 2026 WL 1999247, at *1 (W.D. Okla. July 10, 2026); *Karimov v. Grant*, No. CIV-26-639-J, 2026 WL 1493969, at *1 (W.D. Okla. May 28, 2026); *Rangel v. Mullin*, No. CIV-26-568-D, *Singh v. Figueroa*, No. CIV-26-600-R, or concluded that it does not. *See Adediran v. Figueroa*, No. CIV-26-801-J, *Pupo Socarras v. Figueroa*, No. CIV-26-0571-HE, 2026 WL 2100499, at *1 (W.D. Okla. July 21, 2026); *Toro v. Mullin*, CIV-26-315-JD, Doc. 19, at 18 (W.D. Okla. May 12, 2026).

[4] The undersigned notes that non-citizens who are re-detained without proper procedures may be ordered released in some circumstances. *See Singh v. Cerna*, No. CIV-26-1194-J, 2026 WL 2364443, at *1 (W.D. Okla. Aug. 14, 2026) (ordering release for petitioner who was previously released on bond and re-detained without notice of changed circumstances). However, Petitioner has not alleged sufficient facts to determine what procedures apply and whether Respondents followed them. For example, the Court would need to know whether Petitioner was released on his own recognizance pursuant to a custody review or whether he was released on parole under a pre-set expiration date.

Petitioner's detention, the due process owed to Petitioner is that provided for in § 1226 — namely, an individualized bond hearing before an IJ.").

Furthermore, the undersigned recommends that the Court find Petitioner's claim for injunctive relief not ripe for adjudication, namely his request for an order restraining Respondents from re-detaining him, unless certain procedural conditions are met. (Doc. 1, at 6). The Tenth Circuit has explained that

> [t]he ripeness doctrine involves both constitutional requirements and prudential concerns. The purpose of the ripeness doctrine is to prevent the premature adjudication of abstract claims. Constitutional ripeness is based on Article III's requirement that federal courts hear only "cases" and "controversies." Because federal courts cannot give advisory opinions, the matter must come to the court in "clean-cut concrete form."
>
> Even when [a matter] satisfies Article III's "case or controversy" requirement, [a court] may still decline to review it under the prudential ripeness doctrine. Application of this doctrine turns on two factors: (1) the fitness of the issue for judicial review, and (2) the hardship to the parties from withholding review. As for whether the issue is fit for judicial review, we focus on whether the determination of the merits turns upon strictly legal issues or requires facts that may not yet be sufficiently developed. Thus, "[a] claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998).

*United States v. Cabral*, 926 F.3d 687, 693 (10th Cir. 2019) (citation modified). *See also Nat'l Park Hosp. Ass'n v. Dep't of Interior*, 538 U.S. 803, 807–08 (2003) ("Ripeness is a justiciability doctrine designed "to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties."). Petitioner's concerns about how his future re-detention may occur "rests upon

contingent future events that may not occur as anticipated, or indeed may not occur at all," *Texas*, 523 U.S.at 300, and granting any relief to him would require the Court to give an advisory opinion. The Court should decline to do so.

## VI. Recommendation and Notice of Right to Object

For the reasons discussed above, the undersigned recommends that the Petition, (Doc. 1), be **GRANTED in part**. The undersigned recommends that the Court order Respondents to provide Petitioner an individualized bond hearing before a neutral Immigration Judge within 7 days of the judgment in this matter, or else release him from custody.

**The Court advises the parties of their right to object to this Report and Recommendation by October 23, 2026**, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).[5] The Court advises the parties that failure to make timely objection to this Report and Recommendation waives their right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

[5] Given the expedited nature of these proceedings, the undersigned has reduced the typical objection time to Report and Recommendations. *See* Fed. R. Civ. P. 72(b)(2) advisory committee's note to 1983 addition (noting that rule establishing 14-day response time "does not extend to habeas corpus petitions, which are covered by the specific rules relating to proceedings under Sections 2254 and 2255 of Title 28."); *see also Whitmore v. Parker,* 484 F. App'x 227, 231, 231 n.2 (10th Cir. 2012) ("The Rules Governing § 2254 Cases may be applied discretionarily to habeas petitions under § 2241" and that "while the Federal Rules of Civil Procedure may be applied in habeas proceedings, they need not be in every instance – particularly where strict application would undermine the habeas review process.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge and terminates the referral unless and until the matter is re-referred.

**ENTERED** this 16th day of October, 2026.

Amanda L. Maxfield
AMANDA L. MAXFIELD
UNITED STATES MAGISTRATE JUDGE