**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| DAVID CANDELARIO MONTIEL BRITO,<br><br>Petitioner,<br><br>v.<br><br>FRED FIGUEROA, et al.,<br><br>Respondents. | ) | Case No. CIV-26-2459-J |

**ORDER**

Petitioner David Candelario Montiel Brito, a citizen of Venezuela proceeding pro se, is currently in the custody of Immigration and Customs Enforcement. He has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 seeking release or, in the alternative, a bond hearing. [Doc. No. 1]. The matter was referred to United States Magistrate Judge Amanda L. Maxfield consistent with 28 U.S.C. § 636(b)(1)(B), (C). Judge Maxfield issued a Report and Recommendation [Doc. No. 12] recommending that the Court grant the Petition in part and order Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within seven days or otherwise release him if he has not received a bond hearing within that period. The objection deadline has now passed and neither party has filed an objection, a motion, or otherwise communicated with the Court. The parties have therefore waived the right to appellate review of the factual and legal issues addressed in the Report and Recommendation. *See Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

Upon review, and in light of the Tenth Circuit's decision in *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026), the Court concurs with Judge Maxfield's finding that Petitioner is

entitled to a bond hearing and Respondents' failure to provide one violates § 1226(a) of the Immigration and Nationality Act.[1]

Accordingly, the Report and Recommendation [Doc. No. 12] is ADOPTED and Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 [Doc. No. 1] is GRANTED IN PART in so far as it alleges Respondents violated the Immigration and Nationality Act. The Court ORDERS Respondents to provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven days of the date of this Order, or release Petitioner if no hearing occurs within that period. Respondents shall certify compliance within ten days of the date of this Order.

A separate judgment will enter.

IT IS SO ORDERED this 29th day of October, 2026.

BERNARD M. JONES, II
UNITED STATES DISTRICT JUDGE

[1] Because the Court grants Petitioner relief on this issue, it declines to address his remaining claims. *See* [Doc. No. 12 at 2, 4–6].